UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BRADLEY B. HEISMAN and
JULIA MATONTI,

                Plaintiffs,

-against-

WYNDHAM VACATION RESORTS, INC.,

                Defendant.

Civil Action No.: 2:20-cv-11480

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND COMPEL PLAINTIFFS TO PARTICIPATE IN ARBITRATION

HEIMERL LAW FIRM
32 Dumont Road
Post Office Box 964
Far Hills, New Jersey 07931
Phone: (908) 470-0200
Facsimile: (908) 470-0201
*Attorneys for Plaintiffs*

On the brief:

Wolfgang Heimerl, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .....1

LEGAL ARGUMENT

I. DEFENDANT HAS WAIVED ITS RIGHT TO ENFORCE THE
   ARBITRATION PROVISION IN THE SECURITY AGREEMENT...............................2

II. THE ARBITRATION PROVISION IS
    UNENFORCEABLE AS CONTRACT OF ADHESION..................................................4

III. IF ENFORCEABLE, THE PROVISION TO ARBITRATE CLAIMS
     BEFORE THE AMERICAN ARBITRATION ASSOCIATION IS
     AN INTEGRAL PART OF THE SECURITY AGREEMENT..........................................5

CONCLUSION...................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Atlantic Nat'l Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931 (9th Cir.2010)..............................5

*Khan v. Dell*, 669 F.3d 350(3rd Cir 2012)...............................................................................3, 5

*Knorr v. Smeal*, 178 *N.J.* 169, 836 *A.*2d 794 (2003).......................................................................3

*Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 637 F.2d 391 (5th Cir. Unit B 1981)..............5

*Miller v. Drexel Burnham Lambert*, 791 F.2d 850 (8th Cir. 1986) .............................................4, 5

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)......................................................3

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967)...................................................................4

*Reddam v. KPMG LLP,* 457 F.3d 1054, 1061 (9th Cir.2006)......................................................5, 6

*Rush v. Oppenheimer & Co.*, 779 F2d 885 (2nd Cir 1985).............................................................2, 3

*Shebar v. Sanyo Bus. Sys. Corp.*, 111 *N.J.* 276, 291, 544 *A.*2d 377 (1988)...................................3

*Spaeth v. Srinivasan, 959 A2d 290, 403 NJ Super 508 (App. Div. 2008).......................................2*

**Statutes**

9 U.S.C. § 4. ...................................................................................................................................*4*

## PRELIMINARY STATEMENT

The Plaintiffs, Bradley B. Heisman and Julia Matonti, respectfully submit this Memorandum of Law, and accompanying papers, in opposition to Defendant's Motion to Dismiss and Compel Plaintiffs to Participate in Arbitration.

Despite it not yet being October 2nd, it feels like Groundhog Day. The Plaintiffs made every attempt to comply with the onerous provisions of the Security Agreement, including the arbitratrion provisions, at issue in this matter and it was the Defendant, which now makes this motion before the Court, that failed to comply with the dispute resolutions procedures contained in the Security Agreement, thereby operating as a waiver of such provisions.

Plaintiffs, in accordance with Paragraph 34(i) of the Security Agreement, served a Notice of Good Faith Negotiations prior to commencing arbitration proceedings (Exhibit A to the accompanying Certification of Wolfgang Heimerl). On June 4, 2020, Defendant responded asserting that all its sales practices were appropriate and it would therefore not engage in settlement negotiations (Exhibit B to the accompanying Certification of Wolfgang Heimerl). Thereafter, on June 26, 2020, Plaintiffs filed a Demand for Arbitration, under the Consumer Arbitration Rules, with the American Arbitration Association as set forth in the Security Agreement. (Exhibit C to the accompanying Certification of Wolfgang Heimerl). On July 8, 2020, the American Arbitration Association notified the parties that it would "decline to administer this claim" due to Defendant's

1

failure "to comply with the AAA's policies regarding consumer claims." (Exhibit D to the accompanying Certification of Wolfgang Heimerl).

As set forth in the July 8, 2020 AAA letter, "According to R-1(d) of the Consumer Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution." (*See,* Exhibit D) Accordingly. On July 29, 2020, Plaintiffs filed a Summons and Complaint in the Superior Court, Law Division, Morris County, which action was removed to this Court by Defendant.

## LEGAL ARGUMENT

### DEFENDANT'S MOTION TO DISMISS AND COMPEL PLAINTIFFS TO PARTICIPATE IN ARBITRATION SHOULD BE DENIED AS: (I) DEFENDANT HAS WAIVED ITS RIGHT TO ENFORCE THE ARBITRATION PROVISION IN THE SECURITY AGREEMENT; (II) THE ARBITRATION PROVISION IS UNENFORCEABLE AS CONTRACT OF ADHESION; AND (III) IF ENFORCEABLE, THE PROVISION TO ARBITRATE CLAIMS BEFORE THE AMERICAN ARBITRATION ASSOCIATION IS AN INTEGRAL PART OF THE SECURITY AGREEMENT

### I. DEFENDANT HAS WAIVED ITS RIGHT TO ENFORCE THE ARBITRATION PROVISION IN THE SECURITY AGREEMENT.

"To be sure, a waiver will preclude the enforcement of a contractual provision to arbitrate." *Spaeth v. Srinivasan*. 959 A2d 290. 294. 403 NJ Super 508 (App. Div. 2008). "Any examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring arbitration for dispute resolution." *Rush v. Oppenheimer & Co.*, 779 F2d 885

(2nd Cir 1985). "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)   Waiver under New Jersey law "involves the intentional relinquishment of a known right and thus it must be shown that the party charged with the waiver knew of his or her legal rights and deliberately intended to relinquish them." *Shebar v. Sanyo Bus. Sys. Corp.,* 111 *N.J.* 276, 291, 544 *A.*2d 377 (1988). "In other words, for there to be a waiver of arbitration rights, a party must know of the right and affirmatively reveal the intent to waive the right by implication." *Knorr v. Smeal,* 178 *N.J.* 169, 177, 836 *A.*2d 794 (2003). "An effective waiver requires a party to have full knowledge of his legal rights and intent to surrender those rights." *Ibid.*  "The intent to waive need not be stated expressly, provided the circumstances clearly show that the party knew of the right and then abandoned it, either by design or by indifference." *Ibid.*

Like *Khan v. Dell*, 669 F.3d 350(3rd Cir 2012) cited by Defendant, where the NAF's rules are incorporated into the contract, here the AAA Consumer Arbitration Rules are designated as the rules governing any arbitration filed under the Security Agreement, and these rules provide that if the AAA does not administer the claim for any reason, either party is free to file in court -- thereby negating, by agreement, the arbitration provision found in the Security Agreement. However, unlike Kahn where the court found it ambiguous as to what should happen in the event that the NAF is unavailable, the AAA Consumer Rules are clear that either party my file an action in court.

In this case, the pre-litigation actions of the Defendant make it clear that the Defendant knowingly waived its right to arbitrate the claims of the Plaintiffs. The facts speak for themselves. First, Defendant had knowledge of the arbitration provisions in the Security Agreement as it drafted the Security Agreement. Second, the Defendant was served with Plaintiffs Demand for Arbitration. Third, Defendant was advised by the AAA that it would not administer the Plaintiffs' claims as the Defendant failed to comply with the AAA's policies regarding consumer claims. Fourth, under the Consumer Arbitration Rules of the AAA, the very rules the Defendant states will govern any arbitration, clearly states that in the event the AAA declines to administer any matter, the parties are free to file in Court. Here, Defendant egregiously failed to follow its own procedures on no less than four occasions. The Defendant did nothing to preserve its right to enforce the arbitration provisions contained in the Security Agreement and have therefore waived its right to seek to enforce the same when confronted with a court action filed in accordance with the AAA Consumer Arbitration Rules.

**II.    THE ARBITRATION PROVISION IS
        <u>UNENFORCEABLE AS CONTRACT OF ADHESION</u>**

In *Miller v. Drexel Burnham Lambert*, 791 F.2d 850 (8th Cir. 1986) the appellant claimed that the arbitration clause in the parties' agreement was invalid as an adhesion contract. Consequently, an indispensable prerequisite to arbitration is lacking. "Appellant is correct in noting that a court may not order arbitration until it is satisfied that a valid arbitration agreement exists. *See* 9 U.S.C. § 4. In making this determination, the district court must observe the following distinction. Any claim of fraud, duress or unconscionability in the formation of the arbitration agreement is a matter for judicial consideration. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct.

4

1801, 18 L.Ed.2d 1270 (1967). Allegations of unconscionability in the contract as a whole, however, are matters to be resolved in arbitration. *See id.; Merrill Lynch, Pierce, Fenner & Smith v. Haydu,* 637 F.2d 391 (5th Cir. Unit B 1981). Thus, appellant's claim bars arbitration only if it goes to the arbitration clause itself and not the whole contract." Miller at 854.

Unlike *Miller* where the court held "Having framed the issue, we find that we cannot conclusively decide it based on the record before us. Appellant's "allegations" of unconscionability are not found in the pleadings, probably because arbitration was an unlikely defense under prevailing case law", here where Plaintiffs specifically allege in their pleadings that "Plaintiffs were told that they could not have an attorney review the documents prior to execution, and that any offers would be retracted if Buyer sought attorney review" (Complaint Paragraph 41)   Clearly in this instance, the Defendant stated it was a take it or leave it proposition - classic hallmark of a contract of adhesion. Accordingly, the arbitration provision is unenforceable as a matter of law.

### III. IF ENFORCEABLE, THE PROVISION TO ARBITRATE CLAIMS BEFORE THE AMERICAN ARBITRATION ASSOCIATION IS AN INTEGRAL PART OF THE SECURITY AGREEMENT

"In determining the applicability of Section 5 of the FAA when an arbitrator is unavailable, courts have focused on whether the designation of the arbitrator was "integral" to the arbitration provision or was merely an ancillary consideration." *Kahn* at 354. *See, e.g., Reddam v. KPMG LLP,* 457 F.3d 1054, 1061 (9th Cir.2006), *abrogated on other grounds by Atlantic Nat'l Trust LLC v. Mt. Hawley Ins. Co.,* 621 F.3d 931 (9th Cir.2010); *Brown,* 211 F.3d at 1222. As the Eleventh

Circuit has articulated the standard: "[o]nly if the choice of forum is an integral part of the agreement to arbitrate, rather than an `ancillary logistical concern,' will the failure of the chosen forum preclude arbitration." *Id.* In other words, a court will decline to appoint a substitute arbitrator, as provided in the FAA, only if the parties' choice of forum is "so central to the arbitration agreement that the unavailability of that arbitrator [brings] the agreement to an end." *Reddam,* 457 F.3d at 1061.

Unlike Khan which contained a short, ambiguous, arbitration provision, here Paragraph 34 of the Security Agreement is lengthy, containing 9 separate sub-paragraphs, which detail every aspect of the arbitration, including sub-paragraph (b) designating the AAA as the arbitrator and sub-paragraph (e) designating the AAA Consumer Arbitration Rules as the rules governing any arbitration. Paragraph 34 in general, and sub-paragraphs (b) and (e) are integral parts of the Security Agreement and, if this Court rules the parties must arbitrate, the arbitration provisions should be strictly enforced. The Defendant should not be permitted to seek the appointment of an alternate arbitrator when Defendant itself, by the failure to comply with the AAA Consumer Arbitration Rules, caused the AAA to decline to administer the case when filed by the Plaintiffs. That would reward the Defendant for its bad conduct.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Defendant's motion be denied in its entirety. If however, the Court in not so inclined, the Defendant should be required to pay Plaintiffs' cost and expenses, including reasonably attorney's fees, of this action due to Defendant's failure to proceed with arbitration before the AAA when Plaintiffs filed a Demand for Arbitration on June 26, 2020.

HEIMERL LAW FIRM

Dated: September 21, 2020

/s/ Wolfgang Heimerl
Wolfgang Heimerl, Esq.