UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRADLEY B. HEISMAN and JULIA MATONTI,**<br><br>　　**Plaintiffs,**<br><br>　　v.<br><br>**WYNDHAM VACATION RESORTS, INC.,**<br><br>　　**Defendant.** | Civ. No. 20-11480 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

　　Plaintiffs Bradley Heisman and Julia Matoni entered into a timeshare agreement with Wyndham Vacation Resorts, Inc. After a poor experience, they brought a claim in arbitration before the AAA, as required by their agreement with Wyndham. The AAA declined to hear the claim, because Wyndham did not cooperate with their procedures, and advised Plaintiffs that they could sue in court. Plaintiffs then filed this action in state court, asserting contract and consumer-protection claims. Wyndham removed the action to this court, and—chutzpah alert—now moves to compel arbitration. (DE 3.)[1]

　　For the following reasons, the motion to compel arbitration is **DENIED**.

**I.　BACKGROUND**

　　While on vacation at a Wyndham resort in Florida, Plaintiffs were approached by Wyndham employees about participating in a timeshare program. (Compl. ¶ 41.) After hearing a presentation, they signed a timeshare

---

[1]　Certain citations to the record are abbreviated as follows:

　　DE = docket entry

　　Compl. = Complaint (DE 1-1)

　　Opp. = Plaintiffs' Opposition to Wyndham's Motion to Compel (DE 4)

agreement ("Agreement"), under which they would pay for points that could be used to purchase stays at Wyndham locations. (*Id.*)

The Agreement provides that all disputes will be resolved by arbitration. (Agreement ¶ 34(a).) It explains that "[a]ny dispute will be submitted to a neutral arbitrator for a final and binding determination known as an award. The arbitrator is an independent decision marker, appointed by the American Arbitration Association ('AAA') . . . ." (*Id.* ¶ 34(b). The Agreement states that it "is governed by the Federal Arbitration Act," and that "[t]he arbitration shall be administered by the AAA under its Consumer Arbitration Rules." (*Id.* ¶ 34(e).)

The timeshare program turned out to be less appealing than Plaintiffs had been led to expect, and they felt duped. (Compl. ¶ 41.) For example, Plaintiffs allege that Wyndham hid fees and misled them as to the availability of accommodations. (*Id.*) In keeping with the terms of the Agreement, Plaintiffs asserted their grievances *via* an arbitration claim with the AAA. (*Id.* ¶ 20.) But the AAA declined to administer the claim, stating that Wyndham—not the plaintiffs—had "failed to comply with the AAA's policies."[2] (*Id.* ¶ 21.) The AAA advised the parties that, under the Consumer Arbitration Rules, when the AAA

---

[2] Attached to the Complaint is a copy of the declination letter from the AAA. The relevant passage reads as follows:

> Prior to the filing of this arbitration, Wyndham Vacation Resorts, Inc. failed to comply with the AAA's policies regarding consumer claims. Accordingly, we must decline to administer this claim and any other claims between Wyndham Vacation Resorts. Inc. and its consumers at this time. These policies can be found on our web site. www.adr.com. in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules ("Consumer Rules"), including the costs of arbitration.
>
> Accordingly, we have administratively closed our file and will refund any payment received by the filing party. According to R-1(d) of the Consumer Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.
>
> If you believe we have declined this matter in error, please email ConsumerFiling@ adr.org.

(Compl. Ex. E at 39.)

declines to administer an arbitration, "either party may choose to submit its dispute to the appropriate court for resolution." (*Id.*)

Plaintiffs then sued Wyndham in New Jersey Superior Court, asserting four claims: (1) breach of contract; (2) a claim for a declaratory judgment that the Agreement is void, (3) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201 *et seq.*; and (4) fraud in the inducement. (Compl. ¶¶ 47–74.) Wyndham removed the case to this Court, asserting diversity jurisdiction. (DE 1.) Wyndham then moved in this Court to compel arbitration.

## II.    STANDARD OF REVIEW

"[W]hen it is clear on the face of the complaint [or documents relied upon by the complaint] that a validly formed and enforceable arbitration agreement exists and a party's claim is subject to that agreement, a district court must compel arbitration under a Rule 12(b)(6) pleading standard . . . ." *MZM Constr. Co. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 406 (3d Cir. 2020). But if (1) the materials subject to review on a Rule 12(b)(6) motion are unclear as to the arbitrability question, or (2) the parties have come forward with facts putting the arbitrability question at issue, then the court may order limited discovery and then consider the arbitrability question on a summary judgment standard. *Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 764, 774 (3d Cir. 2013) (quotation marks and citation omitted).

## III.    DISCUSSION

"The Federal Arbitration Act requires courts to enforce covered arbitration agreements according to their terms." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1412 (2019) (citing 9 U.S.C. § 2). Plaintiffs assert that arbitration is no longer warranted; because Wyndham failed to comply with AAA rules and the AAA declined to administer the arbitration, Plaintiffs are now permitted to pursue their claims in court. (*See* Opp. at 2–4.)

Wyndham is not the first defendant to bobble an arbitral forum, only to later seek to compel arbitration when the other party sued. Courts have viewed

this scenario through three doctrinal lenses: the text of the FAA, waiver, and material breach. I analyze each, but they all lead to the same result: arbitration cannot be compelled here.[3]

### A. Text of the FAA

The FAA provides two means to enforce arbitration agreements: sections 3 and 4. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). Section 3 provides that a court should stay an arbitrable case "until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. Section 4 provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate . . . may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.* § 4. Wyndham does not specify whether it proceeds under § 3 or 4, but neither section provides a basis to compel arbitration here.

I start with § 4. The Ninth Circuit has persuasively addressed the application of § 4 when the party seeking to compel arbitration previously did not comply with arbitration rules. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1011 (9th Cir. 2004). There, a party (Lifescan) refused to pay arbitration fees,[4] the AAA declined to proceed, the other party (Premier) sued in federal court, and Lifescan moved to compel arbitration. *Id.* The court explained that "[u]nder the terms of the FAA, there was no 'failure, neglect, or refusal' by Premier to arbitrate in this case; the arbitration has proceeded pursuant to the parties' agreement and the rules they incorporated." As a result, there was "no basis for an order . . . compelling arbitration." *Id.* at 1013.

---

[3]    Because I deny the motion to compel based on Wyndham's failure to adhere to AAA rules, I do not reach Plaintiffs' alternative argument that the Agreement is unconscionable.

[4]    The declination letter (*see* n.2, *supra*) contains what may be a pointed reference to "costs of arbitration," but the manner in which Wyndham failed to comply is not explicitly stated.

4

The same is true here. There has been no failure, neglect, or refusal on Plaintiffs' part to arbitrate. To the contrary, they complied with the rules of arbitration as provided in the Agreement. Those very rules led the Plaintiffs back to court. There is thus no basis for a court to send them back to arbitration. *Greco v. Uber Techs.*, No. 20-cv-02698, 2020 WL 5628966, at *3 (N.D. Cal. Sept. 3, 2020), *appeal docketed*, No. 20-16814 (9th Cir. Sept. 18, 2020); *see Adame v. Ally Fin., Inc.*, No. 17-cv-01654, 2017 WL 8218291, at *2 (C.D. Cal. Aug. 23, 2017).

Construed as a motion to stay under § 3, Wyndham's motion fares no better. First, § 3 allows a court to stay proceedings "until such arbitration has been had in accordance with the terms of the agreement." Here, the arbitration "has been had" as far as was possible. Plaintiffs followed the arbitration procedure and were rebuffed by the AAA, which directed them to court. As a result, § 3 is not available to force them back to arbitration. *Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016). In addition, § 3 does not allow for a stay if the applicant is "in default in proceeding with such arbitration." By failing to comply with arbitration rules, Wyndham is in default and thus cannot enforce arbitration. *Page v. GPB Cars 12, LLC*, Civ. No. 19-11513, 2019 WL 5258164, at *3–4 (D.N.J. Oct. 17, 2019); *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1293–94 (10th Cir. 2015); *Sink v. Aden Enters., Inc.*, 352 F.3d 1197, 1200–01 (9th Cir. 2003).

Thus, from any vantage point, the text of the FAA does not provide the court a basis to compel arbitration here.

### B. Waiver

Wyndham's failure to follow arbitration rules also amounts to a waiver of the right to compel arbitration. "A court may . . . refuse to enforce an arbitration agreement where a party has acted inconsistently with the right to arbitrate, and . . . a sufficient showing of prejudice has been made by the party seeking to avoid arbitration." *In re Pharm. Benefit Managers Antitrust Litig.*, 700 F.3d 109, 117 (3d Cir. 2012) ("*PBM*") (quotation marks and citation omitted).

5

Courts have found that a party acted inconsistently with the right to arbitrate when that party refused to follow arbitration rules or otherwise participate in arbitration, thus preventing the arbitration from taking place. *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005); *In Re Tyco Int'l Ltd. Sec. Litig.*, 422 F.3d 41, 46 (1st Cir. 2005); *Stanley v. A Better Way Wholesale Autos, Inc.*, No. 17-cv-01215, 2018 WL 3872156, at *7 (D. Conn. Aug. 15, 2018); *Schreiber v. Friedman*, No. 15-CV-6861, 2017 WL 5564114, at *11 (E.D.N.Y. Mar. 31, 2017). Here, Wyndham "failed to comply with the AAA's policies regarding consumer claims," prompting the AAA to decline the arbitration of these claims involving Wyndham. (Compl., Ex. E at 1.) Accordingly, Wyndham has acted in a way to preclude arbitration.

Wyndham itself defeated the plaintiffs' filing of a claim in Wyndham's chosen AAA forum by failing to cooperate. It has waived its right to arbitrate. It is not equitable to permit Wyndham to give Plaintiffs a runaround, then reinvoke the arbitral forum Plaintiffs were seeking in the first place. *See Stanley*, 2018 WL 3872156, at *6 ("A party cannot raise unjustifiable objections to a valid demand for arbitration, all the while protesting its willingness in principle to arbitrate and then, when the other side has been forced to abandon its demand, seek to defeat a judicial determination by asking for arbitration after suit has been commenced." (quoting *Lane, Ltd. v. Larus & Bro. Co.*, 243 F.2d 364, 367 (2d Cir. 1957))). As in the old shell game, plaintiff's forum will always be under the other shell, unless the court calls a halt.

Plaintiffs have also shown prejudice.[5] "[I]n cases in which courts have considered whether a plaintiff has been prejudiced by a defendant's pre-litigation refusal to arbitrate, courts have concluded that the plaintiff was prejudiced by costs incurred in litigation because those costs are the proximate

---

[5]   The Third Circuit has outlined factors for determining prejudice while noting that "the waiver determination must be based on the circumstances and context of the particular case." *PBM*, 700 F.3d at 117–18. Those factors, however, address a situation when the party seeking to compel arbitration has actively participated in litigation before it moves to compel arbitration. *See id.*

result of the defendant's failure to abide by the plaintiff's initial choice to arbitrate the dispute." *Schreiber*, 2017 WL 5564114, at *12 (citations omitted). Plaintiffs here have been sent on quite the circumnavigation—from the AAA, to state court, to this Court, and, if Wyndham has its way, back to AAA. If Wyndham prevails, the time and money expended thus far will have been largely a waste. True, in ordinary waiver cases, courts are hesitant to find prejudice based on time and expense alone, but the equities here are different. *Brown*, 430 F.3d at 1012. To paraphrase the Ninth Circuit, Plaintiffs did not choose to litigate; they tried to arbitrate in Wyndham's chosen forum, under an agreement drafted by Wyndham. When Wyndham prevented that, and the AAA declined to hear the case, Plaintiffs sued in court. *Id.* What else could they do? Equitably speaking, the costs and wasted time represent cognizable prejudice to them. *Id.*

Thus, I will deny Wyndham's motion to compel arbitration on the alternative ground that Wyndham waived the right to compel arbitration.

### C. Material Breach

Finally, Wyndham I decline to enforce the Agreement's arbitration provision because Wyndham has materially breached the Agreement. The FAA provides that arbitration agreements may be found unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citing 9 U.S.C. § 2). The New Jersey Supreme Court has held that obstruction of the arbitration process disentitles a party to enforce an arbitration clause. In particular, a party's "failure to advance required fees that results in the dismissal of the arbitration claim . . . amounts to a material breach," relieving the non-breaching party of its obligation to arbitrate. *Roach v. BM Motoring, LLC*, 155 A.3d 985, 995 (N.J. 2017); *see also Page*, 2019 WL 5258164, at *3–4.

This case is like *Roach*. Wyndham failed to adhere to the requirements for participation in AAA arbitration, just as the party in *Roach* failed to adhere to a requirement to pay fees. That failure is a breach that deprived the Plaintiffs

7

of the benefit of the agreement, and moreover represents a lack of good faith and fair dealing.

For this third, additional reason, Wyndham cannot now compel arbitration.

### D. Other remedies

Wyndham does not deny that it failed to maintain its status with the AAA. Apparently the two are or were embroiled in some dispute that transcends any issue in this case. Wyndham argues instead that under § 5 of the FAA, this Court has the authority to designate an arbitrator. Wyndham urges that such a designation be considered in light of the strong federal policy in favor of arbitration.

Section 5 "provides a mechanism for substituting an arbitrator when the designated arbitrator is unavailable." *Khan v. Dell Inc.*, 669 F.3d 350, 354 (3d Cir. 2012). Specifically, a court may appoint an arbitrator "if a method [for arbitration] be provided and any party thereto shall fail to avail himself of such method." 9 U.S.C. § 5. Yet Plaintiffs initiated the arbitration correctly; they did not "fail to avail" themselves of the arbitration process. *Cf. Greco*, 2020 WL 5628966, at *4 (no need to appoint arbitrator under § 5 when party sought arbitration and co-party's failure to follow rules prompted the arbitrator to direct the parties to court).

Moreover, it cannot be said that the arbitrator is unavailable here. In *Khan*, the arbitration organization was "unavailable" because it had been barred by a consent judgment from holding arbitrations. 669 F.3d at 352. Here, the AAA is able and willing to hold arbitrations with Wyndham if Wyndham complies with its rules.

Wyndham, like many a business, seeks to hold a consumer to the letter of a form agreement containing an arbitration clause. Plaintiffs have already fully complied. Wyndham surely would not accept that a hypothetical plaintiff could escape the effect of an arbitration clause by, say, failing to pay the AAA filing fee, and thereby win the right to sue in court. But Wyndham seeks an

equivalent indulgence—in this, the third forum in which plaintiffs are trying to assert their claims.

Wyndham selected the arbitrator, which is available and would hear the case but for Wyndham's failure to maintain its status with AAA, or dispute with the AAA, or whatever this unspecified situation is. I decline to appoint an arbitrator.

### IV.   CONCLUSION

For the reasons set forth above, the motion to compel arbitration is denied, with costs. A separate order will issue.

Dated: March 22, 2021

/s/ Kevin McNulty

_____
**Hon. Kevin McNulty**
**United States District Judge**